UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

LIPTON KING,

Defendant.

12-CR-390-1

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On October 22, 2012, defendant Lipton King pleaded guilty to a single-count information, which charged that between November 2010 and November 2011, he conspired with others to distribute and possess with the intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).

King was sentenced on March 19, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-three and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between forty-six and fifty-seven months. The calculation of the total offense level included a two-point adjustment for the defendant's minor role in the offense, a three-point adjustment for his acceptance of responsibility, and a two-point "safety valve" adjustment. The offense carried a minimum term of imprisonment of five years and a maximum term of imprisonment of forty years. 21 U.S.C. § 841(b)(1)(B). The guidelines range of fine was from $10,000 to $5,000,000.

King was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). King was a minor player in a larger narcotics distribution conspiracy. His role was to pick up mail packages that contained marijuana from a UPS store. It is estimated that he retrieved 200 packages, each containing approximately twenty pounds of marijuana. This is a serious offense.

It appears aberrant, however, given defendant's circumstances. He has no prior convictions. He comes from a stable and loving family. His father, who works for a bakery, and his step-mother, who works as a home health aide, both took off from work to attend his sentencing hearing. So, too, did his mother, also a home health aide, and sister, who works at a law firm. Following his arrest, defendant began volunteering at the Salvation Army. He was soon thereafter offered—and accepted—a position of paid employment at the Salvation Army. He also currently works in construction, performing demolition and clean-up in connection with damage suffered by Hurricane Sandy. Sincere remorse was expressed by defendant at the hearing.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied by the sentence imposed; it sends a clear message that involvement in a drug distribution conspiracy—no matter how minor—will result in the stain of a federal criminal conviction. Specific deterrence has been substantially achieved through the restrictions imposed by supervised release. It is unlikely defendant will engage in further criminal activity in light of his family circumstances and acceptance of responsibility.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: March 22, 2013
Brooklyn, New York